United States District Court
Southern District of Texas
RECEIVED Filed

DEC 16 2002

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VALLEY DIAGNOSTIC CLINIC, P.A. | § | |
| | § | |
| PLAINTIFF | § | **B-02-230 1** |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| TRANSCONTINENTAL INSURANCE | § | |
| COMPANY (CNA) | § | |
| | § | |
| DEFENDANT. | § | |

## NOTICE OF REMOVAL

Defendant, Transcontinental Insurance Company ("Transcontinental"), files this Notice of

the removal of this case from the 404th Judicial District Court of Cameron County, Texas, to the

United States District Court for the Southern District of Texas, Brownsville Division, pursuant to

28 U.S.C. § 1441 and 1446(b), and would show the Court as follows:

1.

Transcontinental is a Defendant in Cause No. 2002-01-000349-G, entitled "Valley

Diagnostic Clinic, P.A. v. Transcontinental Insurance Company (CNA) and Belfor USA, Inc.",

currently pending in the 404th Judicial District Court, Cameron County, Texas. That lawsuit was

originally filed on January 25, 2002 in the 404th Judicial District Court, Cameron County, Texas,

and was assigned Cause No. 2002-01-000349-G. Valley Diagnostic Clinic, P.A. is a Texas citizen,

being a Texas professional association having its principal place of business in Texas.

Transcontinental is a citizen of the States of New York and Illinois, being an insurance company

incorporated in the State of New York, and having its principal place of business in the State of

Illinois. The other Defendant when this lawsuit was filed, Belfor USA, Inc. was a Texas citizen,

being a Texas corporation. That being the case, the lawsuit initially filed by Valley Diagnostic was

not removable to federal court.

2.

On November 19, 2002, Transcontinental received a signed copy of Agreed Order of Dismissal With Prejudice entered on November 14, 2002, whereby Valley Diagnostic's request to voluntarily dismiss Belfor USA, Inc. with prejudice was granted by the state court, thereby dismissing Belfor USA, Inc. from the state court lawsuit. A copy of this order is attached as Exhibit "A" to this notice.

3.

The order dismissing Belfor USA, Inc. at the request of Valley Diagnostic made the case removable for the first time. This is because Belfor was a non-diverse defendant, who has now been voluntarily dismissed from the lawsuit at Valley Diagnostic's request. That being the case, the order dismissing Belfor USA, Inc. would constitute, under 28 U.S.C. §1446(b), an "other paper" making the lawsuit removable for the first time.

4.

This action is one that may be removed to this court, as it is between citizens of different states, involving an amount in controversy that exceeds $75,000. At the date of commencement of this action and at all pertinent times, Plaintiff is a Texas citizen, being a Texas professional association, with all of its members being citizens of the State of Texas. At the date of commencement of this action and at all pertinent times, Transcontinental is a citizen of the States of New York and Illinois, being an insurance company incorporated in the State of New York, and having its principal place of business in the State of Illinois. The only other party to this lawsuit is an Intervenor, Texas Insurance Managers, Inc., who has made a claim against Transcontinental seeking reimbursement from Transcontinental for the amount of $508,666 which Texas Insurance

Managers, Inc. paid to Valley Diagnostic to settle its liability to Valley Diagnostic for the loss involved in this lawsuit. Texas Insurance Managers' citizenship would not destroy diversity jurisdiction, as it is a Texas citizen, being a Texas corporation having its principal place of business in the State of Texas. Therefore, diversity of citizenship exists between Transcontinental and Texas Insurance Managers, Inc..

5.

This removal is timely, being filed within thirty days after Transcontinental's receipt of the "other paper" from which it could first be ascertained that the lawsuit is removable, and this removal is being filed less than a year from the time the action was initially filed, such that the removal of this action would be timely under 28 U.S.C. § 1446(b).

6.

This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and it may be removed to this Court by Transcontinental, pursuant to 28 U.S.C. § 1441 and 1446(b), it being a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as between citizens of different states.

7.

Pursuant to Local Rule 81 of the Local Rules of the Southern District of Texas, copies of all the documents required by that rule are attached as part of Exhibit "B" to this notice. Also attached as Exhibit "C" is a list of the attorneys and the parties represented by them required by Local Rule 81 of the Local Rules of the Southern District of Texas.

Wherefore, Defendant, Transcontinental Insurance Company, prays that this action be removed to this Court from the 404th Judicial District Court of Cameron County, Texas and for further proceedings as may be necessary.

Respectfully submitted,

*Russell J. Bowman*

Russell J. Bowman
Texas State Bar No. 027515500
3131 McKinney Avenue, Suite 730
Dallas, TX 75204
(214) 922-0220
(214) 922-0225 (FAX)

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document has been sent, on this 16th day of
December       , 2002, to all counsel of record,  as indicated below:

Mr. Gordon D. Laws                          VIA REGULAR MAIL
Gary, Thomasson, Hall & Marks
P. O. Box 2888
Corpus Christi, Texas 78403

H. Mark Burck                               VIA REGULAR MAIL
Burck, Lapidus & Lanza, P.C.
5177 Richmond Avenue
Suite 850
Houston, Texas 77056

*Russell J. Bowman*

Russell J. Bowman

NO. 2002-01-000349-G

| | | |
|---|---|---|
| VALLEY DIAGNOSTIC CLINIC, P.A., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| v. | § | 404th JUDICIAL DISTRICT |
| | § | |
| TRANSCONTINENTAL INSURANCE | § | |
| COMPANY (CNA), AND BELFOR USA, | § | |
| INC. | § | |
| | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

---

### AGREED ORDER OF DISMISSAL WITH PREJUDICE

---

On this day came on to be heard the Agreed Motion to Dismiss With Prejudice filed by Valley Diagnostic Clinic, P.A. and Belfor USA, Inc. in the above-referenced and numbered cause. The Court, having reviewed the motion and noting the agreement of the parties, is of the opinion that such motion should be granted.

IT IS THEREFORE ORDERED that the Agreed Motion to Dismiss With Prejudice is hereby GRANTED, and all claims that were, or could have been, asserted herein by Valley Diagnostic Clinic, P.A. against Belfor USA, Inc. and by Belfor USA, Inc. against Valley Diagnostic Clinic, P.A. are hereby DISMISSED WITH PREJUDICE with each party to bear its own fees and costs. This Order has no effect on Valley Diagnostic Clinic, P.A.'s action against Transcontinental Insurance Company and applies only to the claims between Valley Diagnostic Clinic, P.A. and Belfor USA, Inc.

Signed this ____ day of November, 2002.

PRESIDING JUDGE

FILED ____ O'CLOCK ____ M
AURORA DE LA GARZA DISTRICT CLERK

NOV 14 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
____ DEPUTY

**EXHIBIT**
"A"

COPIES TO:

**AGREED AS TO FORM AND SUBSTANCE:**

GARY, THOMASSON, HALL & MARKS

By: _Gordon D. Laws_

Gordon D. Laws
State Bar No. 12057650
210 South Carancahua, Suite 500
Corpus Christi, Texas 78403
Telephone:     361.884.1961
Facsimile:     361.889.5100

**ATTORNEY FOR VALLEY DIAGNOSTIC CLINIC, P.A.**

BAKER BOTTS L.L.P.

By: _____

Joseph R. Knight
State Bar No. 11601275
Ghazi A. Dakik
State Bar No. 24032112
Baker Botts L.L.P.
98 San Jacinto Boulevard, Suite 1500
1500 San Jacinto Center
Austin, Texas  78701
(512) 322-2554
(512) 322-8322 (facsimile)

**ATTORNEYS FOR BELFOR USA**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

VALLEY DIAGNOSTIC CLINIC, P.A.  §
                                §
        PLAINTIFF               §
v.                              §        CIVIL ACTION NO: **B-02-230**  _____
                                §
TRANSCONTINENTAL INSURANCE      §
COMPANY (CNA)                   §
                                §
        DEFENDANT.              §

## STATE COURT PLEADINGS INDEX

1.    1/25/02    Plaintiffs' Original Petition

2.               Return of Service on Transcontinental Insurance
                 Company

3.    4/9/02     Original Petition in Intervention

4.    8/19/02    First Amended Answer of Transcontinental Insurance
                 Company

5.    11/14/02   Agreed Order of Dismissal with Prejudice

6.               Answer to Petition in Intervention

7.               Copy of state court docket sheet



FILED 6:00 O'CLOCK __M
AURORA DE LA GARZA DIST. CLERK

JAN 2 5 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS

CAUSE NO. 2002-01-000349-G

| | | |
|---|---|---|
| VALLEY DIAGNOSTIC CLINIC, P.A. | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| VS. | § | 404 TH JUDICIAL DISTRICT |
| | § | |
| TRANSCONTINENTAL INSURANCE | § | |
| COMPANY (CNA), AND BELFOR | § | |
| USA, INC. | § | |
| DEFENDANTS | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES, Plaintiff, Valley Diagnostic Clinic, P.A. ("VDC") and complains

of Defendants, Transcontinental Insurance Company ("CNA") and Belfor USA

("Belfor"), and for cause of action shows:

1.    Plaintiff is a Professional Association duly organized under the laws of the

State of Texas, residing in Cameron County, Texas.

2.    Defendant CNA is an insurance company organized under the laws of the

State of New York, and is authorized to engage in the insurance business in the State of

Texas, having its principal place of business in Chicago, Illinois.  Citation may be served

on CNA by serving its registered agent for service of process, CT Corporation System,

350 North St. Paul St., Dallas, Texas 75201.

3.    Defendant Belfor is a company organized under the laws of the State of

Texas, and engages in business in the State of Texas, having its principle place of

---

business in Fort Worth, Tarrant County, Texas. Citation may be served on Belfor by serving its registered agent for service of process, Tommy Stanley, 414 Blue Smoke Ct. West, Forth Worth, Texas 76105.

4.    Discovery should be conducted in accordance with a Level II discovery control plan pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

5.    Venue is proper in Cameron County, Texas, because all or a substantial part of the acts or omission giving rise to VDC's cause of action occurred in Cameron County, Texas; suit against a fire, marine, or inland insurance company may be commenced in any county in which the insured property was situated; and proper venue against one Defendant maintains venue against all Defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions and occurrences. *Tex. Civ. Prac. & Rem. Code §§ 15.002, 15.005 & 15.032 (West 2001).*

6.    On, July 23, 2000, CNA issued a policy of insurance number B175072906, known as a Texas Commercial Package Policy. That policy became effective on July 23, 2000. VDC is the insured under this policy.

7.    The policy promises payment for casualty losses suffered by VDC during the policy period. In particular, the policy promises to pay the insured for damage to real and personal property, business interruption losses and other losses caused by a covered cause of loss. All of the losses suffered by VDC were caused solely by a covered loss.

Since the entire policy is voluminous, VDC agrees to provide a copy of the entire policy during discovery.

8.    On March 4, 2001, VDC's offices, medical equipment and office equipment sustained significant water damage caused by the rupture or breaking of a filler valve in VDC's upstairs toilet. As a result of the ruptured filler valve, VDC suffered substantial damage to its building, its business personal property, valuable papers, x-ray films and records. In addition, VDC was unable to operate as a business for approximately 11 months. Consequently, VDC suffered significant business interruption losses.

9.    CNA has denied coverage for these losses. CNA has refused to pay VDC for its business interruption losses, damage to valuable papers, records, and film, and other expenses incurred which are covered under the policy. In addition, CNA has failed to promptly investigate and pay the claim. CNA's failure to promptly respond to the claim has increased VDC's losses.

10.    At all times material to this case, the policy issued by CNA was in full force and effect. All conditions precedent to CNA's liability under the policy have occurred or have been performed.

11.    Benefits are due and payable under the policy in an amount in excess of the jurisdictional limits of this Court. According to the terms of the policy, these benefits were due no later than sixty (60) days from the date on which CNA was furnished all

information needed to pay Plaintiff's claim. As a result, VDC is also entitled to interest on the insurance benefits at the legal rate beginning on the sixty-first (61ˢᵗ) day from the date on which CNA was furnished all information needed to pay VDC's claim.

12.    The aforementioned acts committed by CNA constitute common law breach of contract for which VDC hereby sues.

13.    The aforementioned acts committed by CNA constitute bad faith insurance practices prohibited by the Texas Insurance Code for which VDC hereby sues. *Tex. Ins. Code Art. 21.55 § 3(f) (West 2001).*

14.    CNA has breached its duty of good faith and fair dealing to VDC.

15.    VDC is also entitled to recover statutory penalties of 18 % per annum of the amount payable under the policy, because CNA has not paid VDC's claim, even though more than sixty (60) days has elapsed since CNA received all required information from VDC necessary to pay its claim under policy. *Tex. Ins. Code Art. 21.55 § 6 (West 2001).* VDC is also entitled to its attorneys fees.

16.    CNA recommended to VDC the remediation services of Belfor. CNA brought Belfor personnel to VDC's premises and represented to VDC that Belfor was going to be CNA's adjuster for a portion of VDC's claim. On March 7, 2001, VDC and Belfor entered into a service contract wherein Belfor agreed to perform the remediation of VDC's offices, contents and equipment.

17.    Belfor performed its services in a negligent manner.  Specifically, Belfor improperly treated wet x-ray film and negligently caused the loss of images on x-ray films for over 500 patients.  Baseline studies were lost, requiring VDC to redo studies for several hundred patients.  Some of the destroyed films are irreplaceable.

18.    Belfor owed VDC a legal duty to perform its remediation services as a reasonable remediation company would perform such services under the same or similar circumstances.  Such breach was the proximate cause of VDC's damages.

19.    Furthermore, the aforementioned acts committed by Belfor constitute common law breach of contract for which VDC hereby sues.

20.    Belfor engaged in false, misleading and/or deceptive acts and/or practices by representing that its services had the characteristics, uses and/or benefits which they did not have, and by representing that its services were of a particular standard, quality, and/or grade when they were of another.  Such acts constitute violations of sections 17.46(b) of the Texas Deceptive Trade Practices— Consumer Protection Act.  VDC relied on Belfor acts to its detriment.

21.    On September 7, 2001, VDC gave Belfor written notice advising of VDC's specific complaints and the amount of economic damages and expenses, including attorneys' fees, reasonably incurred by VDC in asserting its claims against Belfor.  All conditions precedent for asserting claims against Belfor under the Deceptive Trade Practices - Consumer Protection Act have occurred.

22.    CNA owed VDC a duty to act in a reasonable and prudent manner with respect to recommending a remediation company to VDC. CNA breached this duty by negligently recommending Belfor to VDC when it knew or should have known that Belfor had a history, reputation and/or pattern of providing negligent remediation services. Such breach was the proximate cause of VDC's damages.

23.    Alternatively, CNA is liable for Belfor's negligent actions under principles of agency and/or *respondeat superior*, because CNA held Belfor out to VDC as its agent to adjust part of VDC's claims.

24.    VDC is entitled to recover its reasonable attorneys' fees incurred in the prosecution of this action as well as reasonable attorneys' fees for any and all necessary appeals to other courts. *Tex. Civ. Prac. & Rem. Code § 38.001 et seq. (West 2001); Tex. Bus. Com. Code § 17.50(d) (West 2001).*

WHEREFORE, Plaintiff, VDC, requests that Defendants be cited to appear and answer, and that on final trial, VDC be awarded a judgment against Defendants for the following:

1.    Economic damages in an amount within the jurisdictional limits of the Court;

2.    Prejudgment interest provided by law;

3.    Reasonable and necessary attorneys' fees and expenses;

4.    Costs of suit;

5.    Postjudgment interest allowed by law; and

6.    Such other and further relief to which Plaintiff may show itself justly entitled.

Respectfully submitted,

GARY, THOMASSON, HALL & MARKS
Professional Corporation
Attorneys for Valley Diagnostic Clinic, P.A.
P. O. Box 2888
Corpus Christi, Texas 78403
(361) 884-1961  FAX (361) 889-5100

By: _____
Gordon D. Laws
State Bar No. 12057650
Eric L. Barrera
State Bar No. 24001696

*Plaintiff's Original Petition*                    7

**COPY**

Citation for Personal Service — NON-RESIDENT NOTICE    Lit. Seq. # 5.002.01

No: 2002-01-000349-G

## THE STATE OF TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: TRANSCONTINENTAL INSURANCE COMPANY (CNA)
BY SERVING ITS REGISTERED
AGENT CT CORPORATION SYSTEM
350 NORTH ST. PAUL ST.
DALLAS, TEXAS 75201

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on JANUARY 25, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-01-000349-G.

The style of the case is:

VALLEY DIAGNOSTIC CLINIC, P.A.
VS.
TRANSCONTINENTAL INSURANCE COMPANY(CNA),AND BELFOR

Said petition was filed in said court by _____ HON GORDON D. LAWS _____
(Attorney for _____ PLAINTIFF _____ ), whose address is
P O BOX 2888 CORPUS CHRISTI, TX.   78403

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 28th day of  JANUARY , A.D. 2002.



AURORA DE LA GARZA _____ , DISTRICT CLERK
Cameron County, Texas
Harrison St.
Brownsville, Texas 78521

By _____ Deputy

Eloisa Guerrero

APR 0 9 2002

AURORA DE LA GARZA DIST. CLERK

DISTRICT COURT OF CAMERON COUNTY, TEXAS

DEPUTY

CAUSE NO. 2002-01-000349-G

| | | |
|---|---|---|
| VALLEY DIAGNOSTIC CLINIC, P.A. | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| vs. | § | 404th JUDICIAL DISTRICT |
| | § | |
| TRANSCONTINENTAL INSURANCE | § | |
| COMPANY (CNA), AND BELFOR | § | |
| USA, INC. | § | |
| DEFENDANTS. | § | CAMERON COUNTY, TEXAS |

## ORIGINAL PETITION IN INTERVENTION

TO THE COURT:

COMES NOW, TEXAS INSURANCE MANAGERS, INC. (hereinafter "TIM"), Intervenor, and files this Original Petition in Intervention in the above cause, complaining of Defendant TRANSCONTINENTAL INSURANCE COMPANY (CNA) and shows as follows:

1.

TEXAS INSURANCE MANAGERS, INC. is an insurance agency which is duly authorized to conduct said business within the state of Texas.

Defendant, TRANSCONTINENTAL INSURANCE COMPANY (CNA) has appeared in the above-styled and numbered cause and is represented by counsel.

2.

TIM sold to Plaintiff VALLEY DIAGNOSTIC CLINIC, the insurance policy that is the subject of Plaintiff's Original Petition. As a result of CNA denying coverage for the losses of Plaintiff as outlined in Plaintiff's Original Petition, Plaintiff made a claim against TIM. TIM paid Plaintiff $508,666 to resolve that claim. TIM is entitled to reimbursement and is lawfully subrogated to Plaintiff for all monies paid.

3.

Intervenor hereby adopts all allegations against said Defendant and any subsequent pleadings filed by Plaintiff in this cause of action. Intervenor hereby incorporates the same by reference for all purposes as if said allegations appeared in this Original Petition and Intervention.

4.

Intervenor sues herein to enforce its contractual and equitable subrogation rights provided by the laws of the state of Texas. Intervenor seeks a finding of liability against the Defendant CNA herein for the total amount of Intervenor's outlay, together with reasonable costs, including attorney's fees, incurred by Intervenor in effecting a recoupment of its expenditures paid to Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Intervenor TEXAS INSURANCE MANAGERS, INC. prays that upon final trial herein Intervenor have judgment against Defendant TRANSCONTINENTAL INSURANCE COMPANY (CNA) in a just and reasonable amount of at least $508,666 together with interest thereon at the maximum legal rate, reasonable costs of recoupment, including reasonable attorney's fees, and all costs incurred in these proceedings, and for such other and further relief, both general and special, at law and in equity, to which Intervenor may be justly entitled to in this cause.

Respectfully submitted,

BURCK, LAPIDUS & LANZA, P.C.

H. MARK BURCK
TBA# 03362700
5177 Richmond Avenue, Suite 850
Houston, Texas 77056
(713) 400-6000
(713) 622-8054 - Facsimile
ATTORNEY FOR INTERVENOR,
TEXAS INSURANCE MANAGERS, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument has been forwarded to all interested parties on this 4th day of April, 2002 by Certified Mail, Return Receipt Requested, facsimile and/or hand delivery to:


Gordon Laws
Gary, Thomasson, Hall & Marks, P.C.
210 South Carancahua, Suite 500
Corpus Christi, TX 78401

Russell J. Bowman
Scott, Bowman & Stella
3131 McKinney Avenue, Suite 730
Dallas, TX 75204

Joseph R. Knight
1600 San Jacinto Center
98 San Antonio Blvd.
Austin, Texas 78701-4039


_____
H. MARK BURCK

FILED ___ 9²⁰ ___ O'CLOCK ___
AURORA DE LA GARZA DIST. CLERK

AUG 1 9 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS

_____ DEPUTY

CAUSE NO. 2002-01-000349-G

VALLEY DIAGNOSTIC CLINIC, P.A.    §    IN THE DISTRICT COURT
                                  §
PLAINTIFF                         §
v.                                §    CAMERON COUNTY, TEXAS
                                  §
TRANSCONTINENTAL INSURANCE        §
COMPANY (CNA), AND BELFOR         §
USA, INC.                         §
                                  §
DEFENDANTS.                       §    404th JUDICIAL DISTRICT

## DEFENDANT'S FIRST AMENDED ANSWER

Defendant, Transcontinental Insurance Company (hereinafter "Transcontinental"), hereby files this, its First Amended Answer, and in support of same, would show the following:

1.

At the time of the March 4, 2001 water loss described above, Plaintiff was insured under an insurance policy issued by Transcontinental, bearing Policy Number B1 75072906. Under that policy, equipment at the location where the water loss involved in this lawsuit occurred (2200 Haine Drive, Premises No.1, Building No. 1 under the Transcontinental policy), is only insured for actual cash value. To the extent that Plaintiff is claiming replacement cost value for damaged equipment that is only insured for actual cash value, Transcontinental would plead this as a defense to such claims.

2.

The Transcontinental policy also contains business income coverage. That coverage contains an 80% co-insurance requirement. Plaintiff Diagnostic did not purchase a sufficient amount of business income coverage, such that it did not meet the 80% co-insurance requirement for the business income coverage. Under the co-insurance clause of the insurance contract, this meant that

Plaintiff only had coverage for 8.11% of its business income loss due to the March 4, 2001 water loss involved in this lawsuit. Transcontinental would plead the co-insurance requirement of the insurance contract as a defense to any claims being brought by Plaintiff for loss of business income.

3.

As a large part of Plaintiff's business income loss was not covered under its policy with Transcontinental, Plaintiff sought to make a claim for its loss of business income under the boiler and machinery coverage of the Transcontinental policy. That coverage insures for loss of business income caused solely by an accident to covered equipment. Under the boiler and machinery coverage of Plaintiff's policy, the term "accident" is defined as a sudden and accidental breakdown of covered equipment or a part of the covered equipment. As defined in the boiler and machinery coverage, the term "Covered Equipment" means any mechanical or electrical machine or apparatus that generates, transmits or uses mechanical or electrical power." Further, under the boiler and machinery coverage, "Covered Equipment" does not include water piping other than boiler feed water piping, boiler condensate return piping or water piping forming a part of a refrigerating or air conditioning system." The piping to the toilet which failed and caused the water loss involved in this lawsuit, does not constitute covered equipment under the provisions described above of the boiler and machinery coverage of the policy, such that Plaintiff would not have any coverage for its loss of income under its boiler and machinery coverage. Transcontinental would plead these provisions as a complete defense to all claims brought by Plaintiff in this lawsuit.

4.

Further, under the boiler and machinery coverage, loss of income must be caused solely by an accident to covered equipment. In this case, the water loss damaged Plaintiff's building, which

damage prevented Plaintiff from operating at its location. Thus, Plaintiff's loss of business income would not be caused solely by an accident to covered equipment, such that Plaintiff would not have coverage for loss of income under the boiler and machinery coverage of Plaintiff's insurance contract with Transcontinental. Transcontinental would plead this as a complete defense to Plaintiff's claims brought in this lawsuit.

5.

Transcontinental would show that it has made payments to Plaintiff as follows: $590,435.75 on building, $225,000.00 on contents, $1,355,293.59 under Plaintiff's Physicians and Surgeons Equipment Coverage, and $1,486,119.05 under Plaintiff's boiler and machinery coverage. Transcontinental would plead these payments as a complete and/or partial defense to Plaintiff's claims brought in this lawsuit.

6.

Transcontinental would show that Plaintiff settled with Petitioner in Intervention, Texas Insurance Managers, Inc. on Plaintiff's claim for business interruption/loss of business income which Plaintiff is asserting in this lawsuit against Transcontinental. As a result of that settlement, Plaintiff received the sum of $508,666 from Texas Insurance Managers, Inc.. Transcontinental is entitled to a dollar for dollar settlement credit for the amount of this settlement. Transcontinental hereby pleads its right to a settlement credit in the amount of $508,666 as against any recovery that may be awarded to Plaintiff in this matter against Transcontinental.

7.

Transcontinental would show that a bona fide dispute exists with Plaintiff for the losses sued on herein such that Transcontinental liability has never become reasonably clear. Transcontinental

would plead this as a complete defense to all of the extra-contractual claims asserted by Plaintiff in this lawsuit.

8.

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Transcontinental generally denies each and every, all and singular, of the allegations contained in Plaintiff's Original Petition, and, since they are allegations of fact, that Plaintiff should be required to prove the allegations asserted against Defendant by a preponderance of the evidence in accordance with the laws of the State of Texas.

WHEREFORE, Defendant, Transcontinental Insurance Company, prays that upon a final trial by jury of all issues, that Plaintiff's claims be denied in their entirety, that Plaintiff's lawsuit be dismissed with prejudice, with Defendant recovering all costs of court incurred by it in this matter, and for any and all other relief to which Defendant may be entitled, at law or at equity.

Respectfully submitted,

Russell J. Bowman
Texas State Bar No. 02751550
3131 McKinney Avenue, Suite 730
Dallas, TX 75204
(214) 922-0220
(214) 922-0225 (FAX)

ATTORNEY FOR DEFENDANT

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document has been sent, on this 12th day of August, 2002, to all counsel of record, as indicated below:

Mr. Gordon D. Laws                          VIA CMRRR NO. 7002 0860 0008 5939 5068
Gary, Thomasson, Hall & Marks
P. O. Box 2888
Corpus Christi, Texas 78403

H. Mark Burck                               VIA CMRRR NO. 7002 0860 0008 5939 5051
Burck, Lapidus & Lanza, P.C.
5177 Richmond Avenue
Suite 850
Houston, Texas 77056

Joseph R. Knight                            VIA CMRRR NO. 7002 0860 0008 5939 5044
Baker Botts, L.L.P.
98 San Jacinto Boulevard
Suite 1600
1600 San Jacinto Center
Austin, Texas 78701

                                            _Russell J. Bowman_
                                            Russell J. Bowman

NO. 2002-01-000349-G

| | | |
|---|---|---|
| VALLEY DIAGNOSTIC CLINIC, P.A., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| v. | § | 404th JUDICIAL DISTRICT |
| | § | |
| TRANSCONTINENTAL INSURANCE | § | |
| COMPANY (CNA), AND BELFOR USA, | § | |
| INC. | § | |
| | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## AGREED ORDER OF DISMISSAL WITH PREJUDICE

On this day came on to be heard the Agreed Motion to Dismiss With Prejudice filed by Valley Diagnostic Clinic, P.A. and Belfor USA, Inc. in the above-referenced and numbered cause. The Court, having reviewed the motion and noting the agreement of the parties, is of the opinion that such motion should be granted.

IT IS THEREFORE ORDERED that the Agreed Motion to Dismiss With Prejudice is hereby GRANTED, and all claims that were, or could have been, asserted herein by Valley Diagnostic Clinic, P.A. against Belfor USA, Inc. and by Belfor USA, Inc. against Valley Diagnostic Clinic, P.A. are hereby DISMISSED WITH PREJUDICE with each party to bear its own fees and costs. This Order has no effect on Valley Diagnostic Clinic, P.A.'s action against Transcontinental Insurance Company and applies only to the claims between Valley Diagnostic Clinic, P.A. and Belfor USA, Inc.

Signed this 14th day of November, 2002.

PRESIDING JUDGE

FILED
AURORA DE LA GARZA DIST. CLERK

NOV 14 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

COPIES TO:

**AGREED AS TO FORM AND SUBSTANCE:**


GARY, THOMASSON, HALL & MARKS

By: _Gordon D. Laws_

Gordon D. Laws
State Bar No. 12057650
210 South Carancahua, Suite 500
Corpus Christi, Texas 78403
Telephone:    361.884.1961
Facsimile:    361.889.5100

**ATTORNEY FOR VALLEY DIAGNOSTIC CLINIC, P.A.**


BAKER BOTTS L.L.P.

By: _[signature]_

Joseph R. Knight
State Bar No. 11601275
Ghazi A. Dakik
State Bar No. 24032112
Baker Botts L.L.P.
98 San Jacinto Boulevard, Suite 1500
1500 San Jacinto Center
Austin, Texas  78701
(512) 322-2554
(512) 322-8322 (facsimile)

**ATTORNEYS FOR BELFOR USA**

2

CAUSE NO. 2002-01-000349-G

| | | |
|---|---|---|
| VALLEY DIAGNOSTIC CLINIC, P.A. | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| TRANSCONTINENTAL INSURANCE | § | |
| COMPANY (CNA), AND BELFOR | § | |
| USA, INC. | § | |
| | § | |
| DEFENDANTS. | § | 404th JUDICIAL DISTRICT |

## ANSWER TO PETITION IN INTERVENTION

Defendant, Transcontinental Insurance Company (hereinafter "Transcontinental"), hereby

files this, its answer to the Petition in Intervention of Texas Insurance Managers, Inc., and in support

of same, would show the following:

1.

Under Texas law, a party cannot seek reimbursement for amounts which it pays to settle its

liability to a another party. International Proteins Corporation v. Ralston Purina Company, 744

S.W.2d 932 (Tex. 1988); Beech Aircraft Corp. v. Jinkins, 739 S.W.2d 19 (Tex. 1987); Coronado

Paint Company v. Global Drywall Systems, Inc., 47 S.W.3d 28, 32 (Tex.App. - Corpus Christi 2001

writ pending). Transcontinental would plead the International Proteins/Jinkins rule as a complete

defense to all of the claims being asserted against Transcontinental by Texas Insurance Managers,

Inc..

2.

Transcontinental would also plead that its actions were not the proximate or producing cause

of any damages to Texas Insurance Managers, Inc., which Transcontinental would plead as a a

complete defense to all of the claims being asserted against Transcontinental by Texas Insurance

Managers, Inc..

3.

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Transcontinental generally

denies each and every, all and singular, of the allegations contained in the Original Petition in

Intervention, and since they are allegations of fact, that Intervenor should be required to prove the

allegations asserted against Defendant by a preponderance of the evidence in accordance with the

laws of the State of Texas.

WHEREFORE, Defendant, Transcontinental Insurance Company, prays that upon a final trial

by jury of all issues, that Intervenor's claims be denied in their entirety, that Intervenor's lawsuit be

dismissed with prejudice, with Defendant recovering all costs of court incurred by it in this matter,

and for any and all other relief to which Defendant may be entitled, at law or at equity.

Respectfully submitted,

Russell J. Bowman
Texas State Bar No. 02751550
3131 McKinney Avenue, Suite 730
Dallas, TX 75204
(214) 922-0220
(214) 922-0225 (FAX)

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document has been sent, on this 12th day of December _____, 2002, to all counsel of record, as indicated below:

Mr. Gordon D. Laws                    VIA CMRRR NO. 7002 0860 0008 5942 4362
Gary, Thomasson, Hall & Marks
P. O. Box 2888
Corpus Christi, Texas 78403

H. Mark Burck                         VIA CMRRR NO. 7002 0860 0008 5942 4379
Burck, Lapidus & Lanza, P.C.
5177 Richmond Avenue
Suite 850
Houston, Texas 77056

Russell J. Bowman

# JURY CIVIL DOCKET - JUDGE'S ENTRIES

## RULE 26-TRCP

RUN TIME

| NAME OF PARTIES | | ATTORNEYS | KIND OF ACTION |
|---|---|---|---|
| VALLEY DIAGNOSTIC CLINIC, P.A. | 00127501 | HON GORDON D. LAWS P O BOX 2888 CORPUS CHRISTI, TX. 78403 0000 | (10) DAMAGES |
| VS | | | |
| TRANSCONTINENTAL INSURANCE COMPANY (CNA), AND BELFOR | | HONJOSEPH R KNIGHT (BELFOR USA) 98 SAN JACINTO BLVD STE 1600 1600 SAN JACINTO CENTER, AUSTIN TX 78701 | HON RUSSELL J BOWMAN 3131 MCKINNEY AVE STE 730, DALLAS HON H MARC BURNS 5117 RICHMOND AVE STE HOUSTON TX 77056 |

DATE OF ORDERS

COURT'S DOCKET (Rule 26, TRCP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| VALLEY DIAGNOSTIC CLINIC, P.A. | § | |
| | § | |
| PLAINTIFF | § | **B-02-230** |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| TRANSCONTINENTAL INSURANCE | § | |
| COMPANY (CNA) | § | |
| | § | |
| DEFENDANT. | § | |

## <u>LIST OF COUNSEL OF RECORD</u>

The attorneys for each of the parties are as follows:

> Gordon D. Laws
> Gary, Thomasson, Hall & Marks
> P. O. Box 2888
> Corpus Christi, Texas 78403
> 361/884-1961
> 361/889-5100 (FAX)
> Attorney for Plaintiff, Valley Diagnostic Clinic, P.A.

> Russell J. Bowman
> Scott, Bowman & Stella
> 3131 McKinney Avenue
> Suite 730
> Dallas, Texas 75204
> 214/922-0220
> 214/922-0225 (FAX)
> Attorney for Defendant Transcontinental Insurance Company

> H. Mark Burck
> Burck, Lapidus & Lanza, P.C.
> 5177 Richmond Avenue, Suite 850
> Houston, Texas 77056
> 713/400-6000
> 713/622-8054
> Attorney for Intervenor, Texas Insurance Managers, Inc.



EXHIBIT "C"

Respectfully submitted,

Russell J. Bowman
Texas State Bar No. 027515500
3131 McKinney Avenue, Suite 730
Dallas, TX 75204
(214) 922-0220
(214) 922-0225 (FAX)

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document has been sent, on this 13th day of December, 2002, to all counsel of record, as indicated below:

Mr. Gordon D. Laws                      VIA REGULAR MAIL
Gary, Thomasson, Hall & Marks
P. O. Box 2888
Corpus Christi, Texas 78403

H. Mark Burck                           VIA REGULAR MAIL
Burck, Lapidus & Lanza, P.C.
5177 Richmond Avenue
Suite 850
Houston, Texas 77056

Russell J. Bowman