| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| **VALLEY DIAGNOSTIC CLINIC P.A.** § | |
| § | CIVIL ACTION B- **B-02-230** |
| *versus* § | |
| § | |
| **TRANSCONTINENTAL INSURANCE COMPANY** § | |

## Order Setting Conference

United States District Court
Southern District of Texas
FILED

DEC 1 6 2002

Michael N. Milby
Clerk of Court

1. Counsel shall appear for an initial pretrial conference:

   **April 28, 2003 at 1:45 p.m.**
   Before the Honorable Hilda G. Tagle
   United States District Judge
   Third Floor-Courtroom No. 3
   United States Courthouse
   600 E. Harrison Street, #306
   Brownsville, Texas 78520

2. Within 15 days of receiving this order, counsel must file a list of all entities that are financially interested in this litigation, including parent, subsidiary, and affiliated corporations. When a group description is effective disclosure, an individual listing is not necessary. Underline the name of corporations with publicly traded securities. Counsel must promptly amend the list when parties are added or additional interested parties are identified.

3. The plaintiff must serve the defendant within 120 days of filing the complaint. The plaintiff's failure to file proof of service within that time may result in dismissal by the court on its own initiative. *See* Rule 4(m).

4. At least 14 days before the conference, counsel must file a joint case management plan with the identity and purpose of witnesses, sources and types of documents, and other requirements for a prompt and inexpensive preparation of this case for disposition by motion or trial. *See* Fed R. Civ. P. Rule 26(f).

5. The parties may agree on additional deadlines for completion of pretrial matters and bring a proposed Scheduling and Docket Control Order with them to the initial pretrial conference.

6. By the conference, counsel will have interviewed their clients and read the documents; readily available documents will have been exchanged at the plan meeting at the latest.

7. The court will set a schedule for initial preparation and may rule on motions pending or made at the conference.

8. Counsel who file or remove an action must serve a copy of this order on the other parties.

9. Counsel in charge of a case must appear at all hearings or conferences. A motion to appear on behalf of the attorney-in-charge will be granted only upon showing of good cause, and only if the attorney to be substituted is familiar with the case and has authority to bind the client. The motion to appear must be ruled on in advance of the hearing or conference date.

10. Counsel must have discussed alternative dispute resolution with their clients and each other; at the conference, the court will consider whether a method of ADR is suited to this case.

11. Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of expenses.

12. All counsel or pro se parties are required to keep the Clerk and all other parties advised of change of address.

BY ORDER OF THE COURT