4

United States District Court
Southern District of Texas
FILED

JAN 15 2003

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **VALLEY DIAGNOSTIC CLINIC** | § | |
| **PLAINTIFF** | § | |
| | § | |
| **TRANSCONTINENTAL INSURANCE** | § | **C.A. NO. B-02-230** |
| **COMPANY (CNA)** | § | |
| **DEFENDANT** | § | |

**PLAINTIFF'S MOTION TO REMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, Valley Diagnostic Clinic, P.A. files this Motion to Remand this case from the United States District Court, Southern District of Texas, Brownsville Division to the 404th Judicial District Court of Cameron County, Texas and would show the Court as follows:

1. Valley Diagnostic Clinic, P.A., Plaintiff, filed suit against Transcontinental Insurance Company (CNA) and Belfor USA, Inc. on January 25, 2002 in the 404th Judicial District Court, Cameron County, Texas. This lawsuit was assigned Cause No. 2002-01-000349-G.

2. On November 8, 2002, Valley Diagnostic Clinic, P.A. and Belfour, USA, Inc. voluntarily dismissed their claims against each other by filing an Agreed Motion to Dismiss With Prejudice with the State Court. A copy of this Agreed Motion to Dismiss With Prejudice is attached as Exhibit A to this Motion. A copy of the return receipt to this Agreed Motion to Dismiss with Prejudice is attached as Exhibit B to this Motion and affirmatively establishes that CNA had notice of such on November 8, 2002.

3. On December 16, 2002, CNA filed its Notice of Removal of this case from the 404th Judicial District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division, pursuant to 28 U.S. §1441 and 1446(b). Plaintiff, Valley Diagnostic Clinic, P.A., objects to this Notice of Removal and moves the Court to remand

this case to the 404th Judicial District Court of Cameron County, Texas because the Notice of Removal was not filed timely pursuant to 28 U.S.C. §1446(b).

4. When a case is not originally removable, the time for removal begins after a defendant receives a copy of a pleading, motion, or other paper which shows that the action has become removable. 28 U.S.C. §1446(b) (West 2002). A defendant has thirty days to file a notice of removal under 28 U.S.C. §1446(b). The clear purpose of §1446(b) is to commence running of the thirty day period once the defendant receives actual notice that the case has become removable, which may be communicated in a formal or informal manner. *Hessler v. Armstrong World Industries, Inc.*, 684 F.Supp. 393, 394 (D. Del 1988), *citing* 14A *Wright, Miller & Cooper, Federal Practice & Procedure,* §732. This time limit is triggered once a defendant receives some written notification evidencing an unequivocal abandonment of the plaintiff's claims against any remaining defendants whose citizenships would preclude diversity jurisdiction. *Polk v. Sentry Insurance*, 129 F.Supp. 2d 975, 979 (S.D. Miss. 2000).

4. Where a plaintiff by his voluntary act has definitely indicated his intention to discontinue the action as to the non-diverse defendant, plaintiff has indicated that he no longer desires to dictate the forum and the case then becomes removable under 28 U.S.C. §1446(b). *Lesher v. Andreozzi*, 647 F.Supp. 920, 922 (M.D. Pa. 1986). In cases involving settlement with non-diverse defendants, a formal order of dismissal is not a prerequisite for removability. *Hessler v. Armstrong World Industries, Inc.,* 684 F.Supp. 393, 395(D. Del. 1988); *Lesher v. Andreozzi*, 647 F.Supp. 920, 921 (M.D. Pa. 1986); *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593 (M.D. La.). It follows that formal dismissal is therefore not required to provide adequate notice under 28 U.S.C. §1446(b). *Hessler v. Armstrong World Industries, Inc.,* 684 F.Supp. 393, 395 (D. Del 1988). Therefore, the proper date from which to calculate when this case first became removable is when the Plaintiff provided notice to CNA that it was voluntarily settling its claims against Belfor, USA, Inc. on

November 8, 2002 with its Agreed Motion to Dismiss With Prejudice. As such, Defendant's notice of removal was not filed within the thirty day period as required under 28 U.S.C. §1446(b).

WHEREFORE, Plaintiff, Valley Diagnostic Clinic, P.A. prays that this action be remanded from this Court to the 404th Judicial District Court of Cameron County, Texas and that it receive any and all further relief to which it may be justly entitled.

Respectfully submitted,

Gordon D. Laws
Federal ID. No. 12417
State Bar No.: 12057650
Attorney-in-Charge for Valley Diagnostic Clinic, P.A.
P. O. Box 2888
Corpus Christi, Texas 78403
(361) 884-1961 FAX (361) 889-5100

OF COUNSEL:
GARY, THOMASSON, HALL & MARKS
Professional Corporation

**Certificate of Conference**

I certify that I called Russell Bowman, counsel for Transcontinental Insurance Company, and he was unavailable to confer about this motion. I will speak with Mr. Bowman as soon as possible and notify the Court of the results of this conference.

Gordon D. Laws

## CERTIFICATE OF SERVICE

I certify that on January 14, 2003, a complete and correct copy of Plaintiff's Motion to Remand was served on the following counsel of record:

*Certified Mail, RRR No. 7002 2030 0003 3485 0014*
Mr. H. Mark Burck
BURCK, LAPIDUS & LANZA, P.C.
5177 Richmond, Suite 850
Houston, Texas 77056

*Certified Mail, RRR No. 7002 2030 0003 3485 0007*
Mr. Russell J. Bowman
Scott, Bowman & Stella
3131 McKinney Avenue, Suite 730
Dallas, Texas 75204

Gordon D. Laws

FILED 9/ O'CLOCK A M
AURORA DE LA GARZA DIST. CLERK
NOV 0 8 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

NO. 2002-01-000349-G

| | | |
|---|---|---|
| VALLEY DIAGNOSTIC CLINIC, P.A., | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| v. | § | 404th JUDICIAL DISTRICT |
| TRANSCONTINENTAL INSURANCE COMPANY (CNA), AND BELFOR USA | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## AGREED MOTION TO DISMISS WITH PREJUDICE

Plaintiff, Valley Diagnostic Clinic, P.A. ("VDC") and Defendant, Belfor, USA, Inc., ("Belfor") file this Agreed Motion to Dismiss With Prejudice and show the following:

All matters in controversy between VDC and Belfor have been fully and finally resolved.

Accordingly, VDC and Belfor jointly move the Court to dismiss with prejudice all claims that were, or could have been, asserted by VDC against Belfor and by Belfor against VDC in this action, with each party to bear its own fees and costs. This Agreed Motion to Dismiss with Prejudice has no effect on VDC's claims against the other defendant in this action and applies only to claims between VDC and Belfor.



Respectfully submitted,

GARY, THOMASSON, HALL & MARKS

By: [signature]

Gordon D. Laws
State Bar No. 12057650
210 South Carancahua, Suite 500
Corpus Christi, Texas 78403
Telephone: 361.884.1961
Facsimile: 361.889.5100

**ATTORNEY FOR VALLEY DIAGNOSTIC CLINIC, P.A.**

BAKER BOTTS L.L.P.

By: [signature]

Joseph R. Knight
State Bar No. 11601275
Ghazi A. Dakik
State Bar No. 24032112
Baker Botts L.L.P.
98 San Jacinto Boulevard, Suite 1500
1500 San Jacinto Center
Austin, Texas 78701
(512) 322-2554
(512) 322-8322 (facsimile)

**ATTORNEYS FOR BELFOR USA**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record by certified mail, return receipt requested, this 6th day of November, 2002.

Gordon D. Laws

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Gary, Thomasson, Hall& Marks
210 S. Carancahua
P. O. Box 2888
Corpus Christi, Texas 78403

File# 1972.03
Agr. Mot. to Dis.
GDL

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Russell Bowman
Scott, Bowman & Stella
3131 McKinney Avenue, Ste. 730
Dallas, TX 75204

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery
NOV 08

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label) 7002 2030 0003 3485 0281

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **VALLEY DIAGNOSTIC CLINIC** | § | |
| **PLAINTIFF** | § | |
| | § | |
| **TRANSCONTINENTAL INSURANCE** | § | **C.A. NO. B-02-230** |
| **COMPANY (CNA)** | § | |
| **DEFENDANT** | § | |

**ORDER TO REMAND**

The above cause having been removed to this Court, and Plaintiff having made and filed in this Court its motion to have the cause remanded to the 404th Judicial District Court of Cameron County, Texas, it is therefore ORDERED that the Motion to Remand is hereby GRANTED and that the above cause be REMANDED to the 404th Judicial District, Cameron County, Texas and that the clerk of this Court make out a certified copy of the Motion to Remand, and this Order, and that it be forwarded to the clerk of the 404th Judicial District, Cameron County, Texas.

SIGNED THIS ____ day of _______________, 2003.

_______________________________________
PRESIDING JUDGE