UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 14 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| VALLEY DIAGNOSTIC CLINIC, P.A., § <br> Plaintiff § <br> § <br> VS. § <br> § <br> TRANSCONTINENTAL INSURANCE § <br> COMPANY § <br> Defendant § | CIVIL ACTION NO. B-02-230 <br><br> JURY |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

1.  State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.

    **This meeting took place by telephone and was held on April 11 and April 14, 2003.**

2.  List the cases related to this one that are pending in any state or federal court, with the case number and court.

    **Civil Action No. B-02-205;** *Transcontinental Insurance Company vs. American Standard, Inc.;* **In the United States District Court for the Southern District of Texas, Brownsville Division, in which Valley Diagnostic Clinic has now intervened.**

3.  Briefly describe what this case is about.

    **Valley Diagnostic Clinic purchased insurance from Transcontinental Insurance Corporation ("CNA" hereafter), in the form of a Texas Commercial Package Policy, to cover its business in Harlingen, Texas. During the policy period, Valley Diagnostic Clinic's offices, medical equipment and office equipment sustained significant water damage from an accidental plumbing discharge. As a result of this event, Valley Diagnostic Clinic was unable to operate for a period of time and suffered business interruption losses, damage to personal and real business property, extra expenses to mitigate damages, and other damages. CNA has denied coverage for a substantial part of the business interruption losses, some of the personal property damage, and some of the extra expenses incurred to mitigate damages. This lawsuit was filed to resolve that dispute. Intervenor, Texas**

Insurance Managers, who sold insurance to Valley Diagnostic Clinic, paid for part of the disputed loss and is asserting a subrogation interest through Valley Diagnostic Clinic against CNA.

4. Specify the allegation of federal jurisdiction.

   **Defendant removed this case on the basis of diversity jurisdiction.**

5. Name the parties who disagree and the reasons.

   **Valley Diagnostic Clinic has filed a Motion for Remand.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **The parties do not anticipate the addition of any parties at this time on their behalf.**

7. List anticipated interventions.

   **The parties anticipate that Texas Insurance Managers, who has already intervened, will be the only intervenor in this action.**

8. Describe class-action issues.

   **There are no class action issues in this lawsuit.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **The parties will make their Rule 26(a) disclosures and the documents will be exchanged on or before April 28, 2003.**

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

    **Responses to Rule 26(f) matters will be served on April 28, 2003.**

    B. When and to whom the plaintiff anticipates it may send interrogatories.

    **The Plaintiff served their first set of Interrogatories and Requests for Production on defendant on October 23, 2002.**

Intervenor will serve written discovery on CNA on or before May 15 2003.

C.   When and to whom the defendant anticipates it may send interrogatories.

**Defendant will serve written discovery on Plaintiff and Intervenor on or before May 15, 2003.**

D.   Of whom and by when the plaintiff anticipates taking oral depositions.

**Plaintiff and Intervenor anticipate taking the oral/video depositions of those persons identified by Defendant as persons with knowledge of relevant facts after examining the documents produced in response to Request for Production and examination of Defendant's Rule 26(a) Disclosures. Plaintiff and Intervenor preserve the right to depose any additional individuals whose knowledge becomes relevant based upon additional discovery to be conducted. These depositions will be completed by February 15, 2004.**

E.   Of whom and by when the defendant anticipates taking oral depositions.

**Defendant anticipates taking the oral/video depositions of those persons identified by Plaintiff and Intervenor as persons with knowledge of relevant facts after examining the documents produced in response to Request for Production and examination of Plaintiffs' Rule 26(a) Disclosures. Defendant reserves the right to depose any additional individuals whose knowledge becomes relevant based upon additional discovery to be conducted. These depositions will be completed by February 15, 2004.**

F.   When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiff and Intervenor will be able to designate experts and provide reports on November 1, 2003. Defendant will be able to designate responsive experts and provide their reports by December 1, 2003.**

264525.1/chh/524

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Plaintiff and intervenor anticipate taking the oral/video depositions of any liability and/or damage experts designated by the Defendant subsequent to their designation. These depositions will be completed by February 15, 2004.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Defendant anticipates taking the oral/video depositions of any liability and/or damage experts designated by the Plaintiff subsequent to their designation. These depositions will be completed by February 15, 2004.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **Plaintiff has served Request for Disclosure, Interrogatories and Requests for Production in State Court.**

13. State the date the planned discovery can reasonably be completed.

    **Planned discovery can reasonably be completed by February 15, 2004.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **The parties have engaged in inspection of the damage, have exchanged estimates of the losses incurred and have exchanged demand and counteroffer.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **The parties have spoken about settlement, but have been unable to resolve the remaining issues.**

16. From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

264525.1/chh/524

**Non-binding mediation is the most suitable form of dispute resolution. This mediation would be most effective if it took place after the depositions of the designated experts.**

17. Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **All of the parties do not agree to a trial before a magistrate judge.**

18. State whether a jury demand has been made and if it was made on time.

    **A timely jury demand has been made.**

19. Specify the number of hours it will take to present the evidence in this case.

    **The Plaintiff and Intervenor estimate that they will take 16 hours to present their case. The Defendant estimates it will take 12 hours to present its case.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **Plaintiff's Motion for Remand could be ruled on at the initial pretrial and scheduling conference.**

21. List other pending motions.

    **There are no other pending motions.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

    **Parties are not aware of any matters peculiar to this case that deserves special attention by the Court at the conference.**

23. Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    **The parties hereby certify that they have filed disclosures of interested parties as directed in the Order of Conference and Disclosure of Interested Parties.**

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

**Attorney for Valley Diagnostic Clinic, P. A.**

_____          April 14, 2003
Gordon D. Laws                                            Date
Federal Bar No. 12417
State Bar No. 12057650
GARY, THOMASSON, HALL & MARKS
Professional Corporation
P. O. Box 2888
Corpus Christi, Texas 78403
(361) 884-1961  FAX (361) 889-5100

**Attorney for Transcontinental Insurance Corporation:**

for _Gordon D. Laws by permission_          April 14, 2003
Russell J. Bowman                                  Date
Federal Bar No.
State Bar No. 0275155000
SCOTT, BOWMAN & STELLA
3131 McKinney Avenue, Suite 730
Dallas, Texas 75204
(214) 922-0220  FAX (214) 922-0225

**Attorney for Intervenor Texas Insurance Managers:**

for _Gordon D. Laws by permission_          April 14, 2003
H. Mark Burck                                       Date
Federal Bar No. 7423
State Bar No. 03362700
BURCK, LAPIDUS & LANZA, P.C.
5177 Richmond Avenue, Suite 850
Houston, Texas 77056
(713) 400-6000  FAX (713) 622-8054

6                                          264525.1/chh/524

## CERTIFICATE OF SERVICE

I certify that on April 14, 2003, a complete and correct copy of <u>Joint Discovery/Case Management Plan Under Rule 26(f) of the Federal Rules of Civil Procedure</u> was served on each party by delivery to the following attorneys of record in the manner indicated below:

*Advance Copy Via Facsimile No. (214) 922-0225*
*Certified Mail, RRR No. 7002 0510 0002 7310 0536*
Mr. Russell J. Bowman
SCOTT, BOWMAN & STELLA
3131 McKinney Avenue, Suite 730
Dallas, Texas 75204

*Advance Copy Via Facsimile No. (713) 622-8054*
*Certified Mail, RRR No. 7002 0510 0002 7310 0543*
Mr. H. Mark Burck
BURCK, LAPIDUS & LANZA, P.C.
5177 Richmond, Suite 850
Houston, Texas 77056

_____
Gordon D. Laws

264525.1/chh/524