IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **VALLEY DIAGNOSTIC CLINIC,** § | | |
| Plaintiff § | | |
| § | | |
| v. § | CIVIL NO. B-02-230 | |
| § | | |
| **TRANSCONTINENTAL INSURANCE** § | | |
| **COMPANY,** § | | |
| Defendant. § | | |

## ORDER

BE IT REMEMBERED that on April 24, 2003, the Court **GRANTED** Plaintiff's Motion to Remand [Dkt. No. 4].

### Procedural Background:

Plaintiff, Valley Diagnostic Clinic ("VDC"), filed suit against Transcontinental Insurance Company ("CNA") and Belfor USA, Inc. on January 25, 2002, in the 404th Judicial District of Cameron County, Texas. On November 8, 2002, Plaintiff and Belfor USA, Inc. filed an Agreed Motion to Dismiss with Prejudice in state court. This motion stated, "[a]ll matters in controversy between VDC and Belfor have been fully and finally resolved." Pl's Motion to Remand, Ex. A [Dkt. No. 4]. The state court entered an order of dismissal on November 14, 2002. Plaintiff attaches to its Motion to Remand a United States Postal Service return receipt, which indicates CNA received a copy of the Agreed Motion to Dismiss on November 8, 2002. Defendant filed its Notice of Removal in this Court on December 16, 2002, pursuant to 28 U.S.C. §§ 1441 and 1446(b).

Plaintiff moves this Court to remand the case because it argues Defendant did not timely remove the case once Belfor was dismissed and the action became removeable. Defendant argues the case was timely removed because it filed its Notice of Removal within 30 days of November 19, 2002, the date on which it received the state court's order of dismissal. Stated differently, Defendant argues the dismissal of

1

Belfor only became effective on the day the state court approved the dismissal and entered its order.

**Removal Analysis:**

The removing defendant carries the burden of establishing the existence of subject matter jurisdiction. See Estate of Martineau v. ARCO Chemical Co., 203 F.3d 904, 910 (5th Cir. 2000) (citing Vasquez v. Alto Bonito Gravel Plant Corp., 56 F.3d 689, 692 (5th Cir. 1995)). See also De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Section 1446(b) requires that a notice of removal must be filed within 30 days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removeable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. § 1446(b). Defendant, therefore, must demonstrate that its Notice of Removal was timely filed.

Federal courts determine whether removal is proper in instances where a "nondiverse defendant is no longer *effectively* a party to the case" by referring to state law. Martineau, 203 F.3d at 910 (emphasis added). Texas Rule of Civil Procedure 162 allows a plaintiff to dismiss or take a nonsuit at any time before the plaintiff has introduced all of his evidence, other than rebuttal evidence, as long as the dismissal "does not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief." Additionally, under Texas Rule of Civil Procedure 163, a plaintiff may dismiss his suit against one or more of several parties who were served with process or have answered when dismissal will not prejudice another party. Even after a defendant has been served, a plaintiff may nonsuit a party without leave of court provided the dismissal will not prejudice another party. See Tex. R. Civ. P. 163; 5 McDonald & Carlson Tex. Civ. Prac. § 27:44 (2d ed.). A nonsuit is effective upon the date of the filing because the court's granting of the nonsuit is simply a ministerial act. See Hingst v. Providian Nat'l Bank, 124 F. Supp. 2d 449, 451 (S.D. Tex. 2000) (citing Greenburg v. Brookshire, 640 S.W.2d 870, 872 (Tex. 1982) (addressing earlier version of Rule 162

2

that has continuing applicability)).

  Defendant contends the filing date of the motion to dismiss does not control because an enforceable settlement was not filed with the state court pursuant to Texas Rule of Civil Procedure 11.  Defendant argues that because an enforceable settlement did not exist, the date he received notice that the state court had granted the agreed motion to dismiss is dispositive as the date the action became removeable to federal court.  Defendant cites a Fifth Circuit case, <u>Estate of Martineau v. ARCO Chemical Co.</u>, 203 F.3d 904 (5th Cir. 2000), for this proposition.  <u>Estate of Martineau</u>, however, does not apply to this case because the dismissal of Belfor was not the result of a settlement agreement filed with the Court.  Instead, the parties resolved their case under the voluntary dismissal provisions of the Texas Rules of Civil Procedure and not pursuant to a settlement agreement under Rule 11.  Dismissal based on the settlement of a controversy is a judgment on the merits and is separate from a voluntary nonsuit.  <u>See</u> McDonald § 27:44.

  Because a nonsuit is effective on the date it is filed, the timing for removeability should be determined from the date Defendant received notice of the nonsuit –November 8, 2002.  Defendant's Notice of Removal filed on December 19, 2000, is not timely because it was filed more than 30 days after the date on which the case became removeable.  The Court **GRANTS** Plaintiff's Motion to Remand [Dkt. No. 4] and **REMANDS** the case to the 404th Judicial District Court of Cameron County, Texas.

  DONE this 24th day of April, 2003, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge

3